**William T. ROGERS, Plaintiff-Appellant,**

v.

**Grace MASCARI, Defendant-Appellee.**

**No. 71–1538.**

United States Court of Appeals,
Sixth Circuit.

March 2, 1972.

**964**

J. B. Cobb, Memphis, Tenn., on brief for plaintiff-appellant.

Leo Bearman, Jr., Memphis, Tenn., for defendant-appellee; Law Firm of Leo Bearman, Leo Bearman, Sr., Laughlin, Garthright, Halle & Regan, James L. Garthright, Jr., Memphis, Tenn., on brief.

Before EDWARDS and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

William T. Rogers sued Grace Mascari for damages resulting from her alleged negligence in the collision of their automobiles. The jury brought in a verdict of no cause of action and Mr. Rogers appeals, claiming the Court erred in charging that the jury could find contributory negligence on the part of the plaintiff; and that it erred in refusing to grant special instructions or reopen rebuttal argument after defense counsel had allegedly misquoted the evidence and misstated the facts in his closing argument.

This was an ordinary automobile accident case. Plaintiff was traveling north on Highland Street, a main thoroughfare in Memphis, Tennessee. Defendant was traveling west on Windover, approaching Highland. There is a stop sign on Windover at Highland, and defendant said she stopped her car before entering Highland. Plaintiff testified he saw defendant on Windover as she approached Highland; that she applied her brakes "because the front end went down"; came to a rolling stop but "never brought her car, to my knowledge, to a complete stop." He was then, he said, 30 or 32 feet away from her. After defendant applied her brakes, plaintiff said that she came out into the intersection but "her car was not going over four miles an hour to five miles per hour," when the cars collided. If plaintiff was going 24 miles an hour when he first saw defendant approaching the stop sign, he was traveling at the rate of 36 feet per second. If defendant was traveling at the rate of 4 or 5 miles an hour coming into the intersection after a "rolling stop," she was going at a speed of 6 or 7 feet per second. In one second from the time plaintiff saw her, he would have traveled 36 feet while she traveled 6 or 7 feet. The collision occurred in the middle of Highland Street. Plaintiff would have traveled 72 feet while defendant was traveling 14 feet. According to plaintiff's statement of the rate of speed at which he was traveling and the rate of speed traveled by defendant, the accident could not have happened. He must have been farther away from defendant when he first saw her, and must have traveled almost twice as fast as he testified in order for the collision to have occurred as, according to plaintiff's testimony, defendant was proceeding at a speed of 4 to 5 miles an hour from the stop sign.

The trial judge submitted the question of plaintiff's contributory negligence and defendant's negligence to the jury, which brought in a verdict of no cause of action.[1]

■■ On appeal, the Court views the record in the light most favorable to the

---

[1]. We have in mind that defendant testified that from the time she stopped at the stop sign, until she reached the center of the thoroughfare, she was traveling at a speed of 24 or 25 miles an hour, or "maybe not that." However on appeal, we accept the testimony that tends to support the verdict.

successful party, and draws every inference fairly deducible from the evidence in favor of the judgment. In this case, the verdict and judgment were sustained by the evidence.

■ Appellant's counsel contends that the trial court erred in refusing to grant special instructions or reopen rebuttal argument after defense counsel misquoted the evidence, and misstated the facts in his closing argument. Among the facts said to be misstated by counsel for defendant, in his closing argument, was the statement that plaintiff had testified that he was receiving $5,000.00 per week from the wholesale distribution of tapes or cassettes to Holiday Inns. This statement was for the purpose of attacking plaintiff's credibility. It appears that plaintiff testified on direct examination that large discount stores "would approximately buy five thousand dollars worth [of stereo tapes], four or five thousand dollars a month." Shortly afterward he was further questioned by his attorney:

"Q. You mentioned a minute ago Dixiemart at one time was buying, * * * five thousand dollars worth a week, am I not mistaken in that?

"A. Per store."

This statement that plaintiff was selling $5,000.00 worth of tapes *a week* was mistaken. He had just previously testified that he was selling $5,000.00 worth of tapes per month. Defense counsel used the figure of $5,000.00 *per week* in his closing argument to the jury. This was not objected to, and in plaintiff's counsel's final argument, he did not mention the matter at that time, it either having not been noticed or remembered. However, when plaintiff's counsel had the arguments transcribed by the court stenographer prior to the Court's charge to the jury, he requested the Court to grant special instructions on the matter, correcting what defendant's counsel said about $5,000.00 worth of tapes per week instead of per month.

The Court declined to grant a special instruction in this regard as well as to others of similar character, and also declined to allow plaintiff's attorney to reopen and argue these matters before the jury, saying:

"[I]f we allow you to go in to reopen and argue before the jury, then we have got to allow [defense counsel] to come in and make a further statement to the jury. Then it comes back to you, * * * and we will overrule your motion in that regard."

The Court then charged the jury generally on the questions raised, and on the law.

We find that the claims of reversible error relied upon by counsel are not meritorious.

In accordance with the foregoing, the judgment is affirmed.